IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEMENZIA MONTWELL MITCHELL, <br> TDCJ-CID No. 1305795, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:23-CV-168-Z-BR |
| BRIDGETTE Y. HAYES, *et al.*, | § <br> § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Demenzia Montwell Mitchell ("Mitchell") against various Defendants, alleging violations of his civil rights in connection with the loss of his personal property. Mitchell filed this lawsuit *pro se* while incarcerated at the Jordan Unit in Pampa, Texas, and was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Mitchell's Complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either

in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

**A.    Factual Background.**[1]

Mitchell's aunt ordered a pair of Puma tennis shoes to be delivered to Mitchell while he was incarcerated at the Memorial Unit in Rosharon, Texas. (ECF 3 at 4). Before the shoes arrived, Mitchell was transferred to another unit. He was told that his personal property (consisting of electronic equipment and books), as well as the tennis shoes, would follow him later. In December

---

[1]These background facts are taken from Plaintiff's Complaint and questionnaire responses and are assumed to be true for the purpose of screening Plaintiff's causes of action.

2022, a box containing his personal property arrived, but contained only the books. His electronic equipment was missing, and the tennis shoes never arrived. (*Id*.). Mitchell's aunt subsequently passed away. (*Id*.). Mitchell filed numerous grievances with the Memorial Unit that were unanswered, and the Memorial Unit librarian refused to provide names of potential defendants to Mitchell for inclusion in this lawsuit. (*Id*.; ECF 13 at 1). Mitchell alleges violations of his right to due process and asks the Court to order Defendants to locate or pay for his lost property. (*Id*. at 4).

**B.     Stolen Property Claim.**

Mitchell alleges that his personal electronics were lost or stolen while he was being transferred from one unit to another, and that the tennis shoes gifted to him by his now-deceased aunt never arrived to his new unit. (ECF 3 at 4). He claims that Memorial Unit officials did not follow procedures requiring that an inmate's personal possessions be sent to the prisoner's destination after transfer to a new unit. (ECF 13 at 3).

"Prisoners have a cognizable constitutionally protected property interest in their personal property." *Eubanks v. McCotter*, 802 F.2d 790, 793–94 (5th Cir. 1986). Nevertheless, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post[-] deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quotation marks and citations omitted). The Texas administrative and judicial systems allow prisoners to raise ordinary tort claims such as conversion or an administrative remedy for lost or damaged property. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.—Corpus Christi 2002).

Although Mitchell has a protected property interest in his personal property, "[a] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute

a violation of due process, if constitutional minima are nevertheless met." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation marks and citations omitted). In *Brewster*, the Fifth Circuit Court of Appeals held that a similar due process claim was properly dismissed because Texas law provides the adequate post-deprivation remedy of conversion when property is taken without proper procedures. *Id.* Because Mitchell has an adequate post-deprivation remedy under Texas law in that he has the right to sue for conversion in state court, he does not have a Section 1983 due process claim.

Further, standing alone, an assertion that prison officials failed to follow prison rules or policies does not state a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012), *citing Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). TDCJ's policies, internal rules, and regulations, standing alone, do not create federally protected rights. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jackson*, 864 F.2d at 1251-52 ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional minima may nevertheless have been met." (internal quotation omitted)). The allegation that Defendants failed to follow a process or procedure does not state a constitutional law violation. This claim should be dismissed with prejudice.

C.   **Due Process Claim.**

Mitchell alleges that he was denied due process because Defendant Bridgette Y. Hayes ("Hayes") failed to reply to the many grievances that he mailed to Hayes at the Memorial Unit about the return of his personal property. (ECF 13 at 1). In short, Mitchell's allegations amount to nothing more than a claim that his grievances were not resolved to his satisfaction. "Prisoners do not have a federally protected liberty interest in having their grievances resolved to their

satisfaction, and an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless." *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (internal quotations omitted). The Fifth Circuit has stated that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, even an intentional cover-up does not amount to a constitutional violation. *See Cunningham v. de la Vaga*, 131 F.3d 141 (5th Cir. 1997) (per curiam) ("Regarding Cunningham's contention that the defendants conspired to cover up the attack …, Cunningham has not shown that the defendants violated any constitutionally protected right."). Accordingly, assuming the truth of the allegations in Mitchell's Complaint, his cause of action regarding an improper grievance response fails to state a viable due process violation and, therefore, should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A.

**D.     Access to Courts Claim.**

Mitchell alleges that Defendant Chrystal Wagner ("Wagner") denied him proper access to the courts by failing to provide the names of potential defendants to Mitchell for his preparation of this lawsuit. (ECF 13 at 3). Prisoners have a clearly established constitutional right of access to the courts. *See Clewis v. Hirsch*, 700 F. App'x 347, 348 (5th Cir. 2017) (per curiam). "Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation." *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986) (citations omitted). To prevail, a prisoner must demonstrate an actual injury stemming from the alleged impediment. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) ("an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct").

In this case, even if Wagner's refusal to provide names constituted an impediment to

Mitchell's access to the court, it did not cause actual injury. Mitchell still was able to file his lawsuit, and having the names would not have changed the fact that mishandling personal property does not state a federal cause of action, as set forth above. Therefore, this claim should be dismissed with prejudice.

### E. Supervisory Liability Claim.

Mitchell alleges that Defendant Bryan Collier ("Collier") is aware that inmates' personal property left behind in TDCJ property rooms after prisoner transfers is either being misplaced by officials or stolen by inmates who work in the property rooms. (ECF 13 at 3). It is well established that supervisory officials are not liable for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under § 1983, as prison supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id*. at 304 (quotations omitted).

To establish a claim for a deficient policy that caused the violation of a constitutional right under § 1983, a plaintiff must identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of his constitutional rights. *Monell v. Dep't of Soc. Serv.*, 435 U.S. 658, 694-95 (1978). Mitchell has not alleged facts that

satisfy this standard. Mitchell has not complained that any policy created by Collier was the cause of an alleged violation of his constitutional rights. To the contrary, Mitchell appears to claim that the policies in place regarding transfer of personal property simply were not followed. Mitchell has failed to establish that Collier was personally involved in a violation of his rights. Additionally, Mitchell has failed to show that Collier was liable in his supervisory role for a constitutionally deficient policy that created a violation of his constitutional rights.

F.     **Plaintiff's Damages Claim.**

Even if Mitchell had alleged a constitutional violation, he is not entitled to the relief he seeks. Section 1997e(e) of the PRLA provides that a plaintiff asserting recovery for constitutional violations is not entitled to recover compensatory damages "for mental or emotional injuries unless there is a prior showing of physical injury..." 42 U.S.C. § 1997e(e). Mitchell does not allege that he was physically injured due to the loss of his property. (ECF 13 at 6). Therefore, the PLRA bars his claim for compensatory damages.

G.     **Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Mitchell has been provided the opportunity to clarify his claims by responding to a Briefing Order Questionnaire (ECF 13), and he has done so. Mitchell has pleaded his best case; therefore, leave to amend is unnecessary since Mitchell's civil rights claims are legally frivolous. His recourse is with the courts of the state of Texas, not with federal court.

<u>RECOMMENDATION</u>

For the reasons stated above, the Magistrate Judge concludes that Mitchell's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 8, 2024.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).